TOMAS MARGAIN, Bar No. 193555
PHUNG TRUONG, Bar No. 287687
JUSTICE AT WORK LAW GROUP
84 W. Santa Clara St., Ste. 790
San Jose, CA 95113
Tel: (408) 317-1100
Fax: (408) 351-0105
Tomas@JAWLawGroup.com
Phung@JAWLawGroup.com

Attorneys for Plaintiff
LEOBARDO ALMAGUER

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| LEOBARDO ALMAGUER,<br><br>    Plaintiff,<br><br>    v.<br><br>ROJOZ, INC. dba ROJOZ GOURMET WRAPS; and RONALD LINSANGAN,<br><br>    Defendants. | CASE NO.<br><br>**COMPLAINT**<br><br>**Federal FLSA Claim:**<br>1. Failure To Pay Overtime And For All Hours Worked (29 U.S.C. §§ 207, 216(B), & 255(A));<br>**California Supplemental State Claims:**<br>2. Failure To Pay Overtime And For All Hours Worked (Cal. Labor Code §§ 510, 1194, 1771 & 1774);<br>3. Failure To Pay At Least Minimum Wage For All Hours Worked (Cal. Labor Code § 1194.2);<br>4. Failure to Provide Compliant Rest Breaks (Cal. Labor Code § 226.7);<br>5. Failure to Provide Compliant Meal Periods (Cal. Labor Code § 226.7);<br>6. Waiting Time Penalties (Cal. Labor Code § 203); and<br>7. Unfair Competition (Cal. Bus. & Prof. Code §§ 17200 *et seq.*). |

**COMPLAINT**                                                           1

## NATURE OF THE CASE

1. Now comes Plaintiff LEOBARDO ALMAGUER (hereinafter referred to as "Plaintiff"), and alleges against ROJOZ, INC. dba ROJOZ GOURMET WRAPS and RONALD LINSANGAN claims for earned but unpaid wages under the Fair Labor Standards Act and supplemental claims arising out of the California Labor Code and the Business and Professions Code.

2. Plaintiff worked for Defendants ROJOZ, INC. dba ROJOZ GOURMET WRAPS and RONALD LINSANGAN, who own and operate a restaurant in Santa Clara County named "ROJOZ GOURMET WRAPS."  Plaintiff was employed as a cook but also worked as a cashier. Plaintiff was not paid all wages for all hours worked, not paid for all overtime hours worked, and not afforded rest or meal breaks.

3. Plaintiff seeks as against Defendants ROJOZ, INC. dba ROJOZ GOURMET WRAPS and RONALD LINSANGAN compensatory damages for unpaid wages in addition to liquidated damages under 29 U.S.C. § 216(b), California Business and Professions Code §§ 17200 *et seq.*, waiting time penalties under California Labor Code § 203, an assessment under California Labor Code § 1194.2, an additional hour of pay for the denied rest and meal break claims, and attorney's fees, costs, and pre-judgment interest pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b).

4. Defendants ROJOZ, INC. dba ROJOZ GOURMET WRAPS and RONALD LINSANGAN are collectively identified and referred to as DEFENDANTS.  As described below, these individuals and entities hired, employed, and benefited from Plaintiff's labor so that they are responsible in whole or in part for the claims made.

5. Plaintiffs' claims can be summarized as follows:

   a. <u>Failure to Pay for All Hours Worked (FLSA and California Labor Code):</u> When Plaintiff worked more than 8 hours in a day (Cal. Labor Code sections 510 & 1194) or 40 hours in a week (FLSA), DEFENDANTS did not pay him overtime wages for all hours worked and at an overtime rate of pay.  Although Plaintiff consistently worked overtime hours,

**COMPLAINT**  2

DEFENDANTS only paid Plaintiff some, but not all, overtime hours at his regular rate of pay. DEFENDANTS also paid some of Plaintiff's hours in cash, but at the regular rate of pay. Additionally, DEFENDANTS paid Plaintiff only based on his scheduled hours, and not on hours actually worked.  Plaintiff was required to arrive early to prepare catering orders.  Plaintiff also had to work past his scheduled shift to clean and close the restaurant.  Plaintiff was not paid for any preliminary or postliminary work, but was instead paid only for scheduled hours at the regular rate of pay.

        b.    <u>Denied Meal and Rest Breaks:</u> Plaintiff was not afforded paid 10-minute rest breaks and 30-minute unpaid meal periods.  When Plaintiff requested a break, DEFENDANTS informed Plaintiff that his restroom trips constituted his rest breaks. Additionally, Plaintiff often worked 12-hour shifts with only one meal break.  When the restaurant was busy, Plaintiff was required to return early from his scheduled meal break.

        c.    Penalties, Liquidated Damages, Interest and Attorneys Fees and Costs for the above.

## SUBJECT MATTER JURISDICTION AND VENUE

6.    This Court is a proper venue, since events giving rise to this lawsuit have occurred in this District.

7.    Subject matter jurisdiction of this action of this Court is based upon the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* and the supplemental jurisdiction of this Court. Defendants' gross sales meet the jurisdictional minimum of the Fair Labor Standards Act and their business involves products that move through interstate commerce.

## PARTIES TO THE ACTION

8.    Plaintiff LEOBARD ALMAGUER was, and at all relevant times herein is, an individual over the age of eighteen and resident of California and employed by Defendants ROJOZ, INC. dba ROJOZ GOURMET WRAPS and RONALD LINSANGAN within the statute of limitations in this action.

**COMPLAINT**        3

9. Plaintiff is informed and believes and therefore alleges that at all times mentioned herein, DEFENDANTS are engaged in business in Northern California, particularly in Santa Clara County.

## GENERAL ALLEGATIONS

10. DEFENDANTS employed Plaintiff at all relevant times within the statute of limitations for this action.

11. Plaintiff would work shifts of 10 or more hours, five days per week. The hours worked could vary from 55 to 60 or more hours per week depending on the time of year or store staffing.

12. Plaintiff's duties included making wraps and salads, cooking and preparing food to sell or cater, cashiering, bussing, and performing cleaning and janitorial work.

13. DEFENDANTS failed to "authorize and permit" Plaintiff from taking paid 10-minute rest breaks.

14. DEFENDANTS failed to "authorize and permit" Plaintiff from taking unpaid 30-minute meal periods.

15. DEFENDANTS did not properly pay all overtime wages due and owing to Plaintiff. DEFENDANTS did not pay Plaintiff for all hours worked and at the correct overtime rate. The underpayment was accomplished by paying Plaintiff only for hours that appeared on his weekly schedule and not for actual hours worked. DEFENDANTS also paid some of Plaintiff's hours in cash, but at his regular rate of pay.

16. Said failure in not paying overtime wages when due and owing was willful and intentional for purposes of liquidated damages under the FLSA and waiting time penalties under California Labor Code § 203.

## COUNT ONE
## FEDERAL CLAIM
*Violation of the Fair Labor Standards Act*
*29 U.S.C. §§ 207, 216(b), and 255(a)*
*Failure to Pay Overtime Wages and For All Hours Worked*

17. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

18. At all relevant times herein, Plaintiff's employment was subject to the provisions of the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq*.

19. DEFENDANTS operate a business enterprise engaged in commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203 (r) & (s) and related Department of Labor regulations.

20. DEFENDANTS routinely required and/or suffered or permitted Plaintiff to work more than 8 hours per day or 40 hours per week without paying all of his wages for such overtime work.

21. In failing to pay Plaintiff all overtime wages at one-and-one-half times his regular rate of pay, DEFENDANTS willfully violated the FLSA.

22. As a direct and proximate result of DEFENDANTS' failure to pay Plaintiff's proper wages under the FLSA, Plaintiff incurred general damages in the form of lost overtime wages in an amount to be proved at trial.

23. DEFENDANTS intentionally, with reckless disregard for its responsibilities under the FLSA, and without good cause, failed to pay Plaintiff his proper wages. DEFENDANTS are thus liable to Plaintiff for liquidated damages in an amount equal to his lost wages over a three-year statute of limitations, pursuant to 29 U.S.C. §§ 216(b) and 255(a).

24. Plaintiff was required to retain legal assistance in order to bring this action and, as such, is entitled to an award of reasonable attorney's fees pursuant to the FLSA.

**COUNT TWO**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Labor Code §§ 510, 1194, 1197, 1771 and 1774*
*Failure to Properly Pay Overtime Wages and For All Hours Worked*

25. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

**COMPLAINT** 5

26. At all times mentioned herein, DEFENDANTS were subject to the overtime wage laws of the State of California pursuant to California Labor Code § 510, regarding work undertaken for DEFENDANTS. Pursuant to § 510, DEFENDANTS had a duty to pay their employees, including Plaintiff, no less than the one-and-one-half times his contractually agreed upon regular rate of pay for all hours worked in excess of 8 hours a day and 40 hours a week. Under California Labor Code § 1194, Plaintiff is entitled to be paid overtime wages and has standing to sue for such violations.

27. Pursuant to § 1194, Plaintiff seeks as earned but unpaid overtime wages and wages for all hours worked at one-and-a-half times the regular rate for hours worked in excess of 8 hours a day or 40 hours a week. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

28. As a result of DEFENDANTS' violations of statutory duties, as more fully set forth above, Plaintiff earned but was not paid wages in an amount above the jurisdictional limits of this court.

29. Plaintiff is entitled to and therefore requests an award of pre-judgment interest on the unpaid wages set forth herein.

30. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the court pursuant to § 1194.

**COUNT THREE**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Labor Code § 1194.2*
*Failure to pay at least minimum wage for all hours worked*

31. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

32. At all times mentioned herein, DEFENDANTS were subject to the minimum wage laws of the State of California pursuant to California Labor Code §§ 1194 and 1194.2. Pursuant to Labor § 1194, DEFENDANTS had a duty to pay their employees, including

**COMPLAINT**                                     6

Plaintiff, no less than the minimum wage for all hours worked. Under § 1194, Plaintiff is entitled to be paid minimum wages and has standing to sue for such violations.

33. Pursuant to Labor Code §§ 1194 and 1194.2, Plaintiff seeks unpaid minimum wages and penalties for the failure to pay minimum wages.

34. Plaintiff has incurred, and will continue to incur, attorneys' fees in the prosecution of this action and therefore demands such reasonable attorneys' fees and costs as set by the court pursuant to § 1194.

## COUNT FOUR
## SUPPLEMENTAL STATE CLAIM
*Violation of California Labor Code §§ 203, 226, 226.7, 1194 and Wage Orders*
*Failure to Provide Rest Breaks Or Compensation In Lieu Thereof*

35. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

36. California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

37. The applicable Wage Order states with regards to rest periods:

(A) Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period. The authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof. However, a rest period need not be authorized for employees whose total daily work time is less than three and one-half (3 1/2) hours. Authorized rest period time shall be counted as hours worked for which there shall be no deduction from wages.

(B) If an employer fails to provide an employee a rest period in accordance with the applicable provisions of this Order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each work day that the rest period is not provided.

**COMPLAINT**　　　　　　　　　　　　　　7

38. DEFENDANTS violated California Labor Code § 226.7 and the wage orders by failing to schedule rest periods and by failing to provide one hour of additional wages at the employee's regular rate of compensation for each work day that the rest periods were not provided.

39. Plaintiff did not voluntarily or willfully waive rest periods. Any express or implied waivers obtained from Plaintiff were not willfully obtained, not voluntarily agreed to, a condition of employment, or part of an unlawful contract of adhesion. DEFENDANTS did not provide, permit or authorize Plaintiff to take rest periods in accordance with law or, if provided, did not pay for such time.

40. As a result of the unlawful acts of DEFENDANTS, Plaintiff has been deprived of wages, which is an amount resulting directly from the acts complained of.

41. Wherefore, Plaintiff is entitled to recover the unpaid additional or premium wages, interest thereon, reasonable attorney's fees and costs of suit pursuant to California Labor Code § 1194(a).

**COUNT FIVE**
**SUPPLEMENTAL STATE CLAIM**
*Violation of California Labor Code §§ 203, 226, 226.7, and 512*
*Failure To Provide Meal Periods Or Compensation In Lieu Thereof*

42. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

43. California Labor Code § 226.7 states:

(a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.
(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

44. DEFENDANTS violated § 226.7 by requiring Plaintiff to work for periods of more than five hours without an off-duty meal period of at least 30 minutes. As such,

**COMPLAINT** 8

DEFENDANTS are liable for one hour of pay at the employee's regular rate of compensation for each workday that meal periods were not provided.

45. Plaintiff did not voluntarily or willfully waive meal periods. Any express or implied waivers obtained from Plaintiff were not willfully obtained or voluntarily agreed to, but rather were a condition of employment or part of an unlawful contract of adhesion.

46. DEFENDANTS also injured Plaintiff by failing to keep adequate time records as required by Labor Code §§ 226 and 1174(d). This failure makes it difficult to calculate the unpaid meal period compensation due to Plaintiff.

47. As a result of the unlawful acts of DEFENDANTS, Plaintiff has been deprived of wages in amounts to be determined at trial, and are entitled to recovery of such amounts, plus interest and penalties thereon, attorney's fees and costs under Labor Code §§ 203, 226, 226.7, 512, 1194, and applicable Wage Orders.

48. Plaintiff has incurred, and will continue to incur, attorney's fees in the prosecution of this action and therefore demand such reasonable attorneys' fees and costs as set by the Court

## COUNT SIX
## SUPPLEMENTAL STATE CLAIM
*Violation of California Labor Code § 203*
*Waiting Time Penalties*

49. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

50. At the time Plaintiff's employment with DEFENDANTS was terminated, they owed Plaintiff unpaid overtime wages as previously alleged, and such wages owed to Plaintiff were ascertainable at the time of termination.

51. Failure to pay wages owed at an employee's termination as required by Labor Code § 201 subjects the employer the payment of a penalty equaling up to 30 days' wages, as provided for in Labor Code § 203.

52. As of this date, DEFENDANTS have failed and refused, and continue to fail and refuse, to pay the amount due, thus making each such Defendant liable to Plaintiff for penalties equal to thirty (30) days wages.

### COUNT SEVEN
### SUPPLEMENTAL STATE CLAIM
*Violation of California Business & Professions Code §§ 17200 et seq.*
*Restitution for Unfair Business Practices*

53. Plaintiff re-alleges and incorporates the allegations of each preceding paragraph as if fully stated herein.

54. At all times relevant herein, Plaintiffs' employment with DEFENDANTS was subject to the California Labor Code and Wage Order 5-2001, which required all employees to be paid at an overtime rate for work performed in excess of 40 hours per week or 8 hours per day. Said laws also required payment for all hours worked.

55. At all times relevant herein, DEFENDANTS were subject to the California Unfair Trade Practice Act, Bus. & Prof. Code §§ 17000 *et seq.* DEFENDANTS failed to pay Plaintiff overtime rate for his overtime hours, as required by state and federal laws. Plaintiff and other members of the general public employed by DEFENDANTS were entitled to those wages, which DEFENDANTS kept to themselves. It also calls for rest and meal breaks to be scheduled, which changes a business' staffing levels and gave DEFENDANTS an economic advantage over law-abiding businesses.

56. In doing so, DEFENDANTS engaged in unfair competition by committing acts prohibited by the Labor Code and Wage Order 5-2001. Such acts gave DEFENDANTS a competitive advantage over other employers who were in compliance with the law.

57. As a direct and proximate result of DEFENDANTS' violations and failure to pay the required wages and overtime pay, Plaintiff's rights under the law were violated, and he suffered general damages in the form of unpaid wages in an amount to be proved at trial.

58. DEFENDANTS have been aware of the existence and requirements of the Unfair Trade Practice Act and the requirements of the Labor Code and Wage Order 5-2001, but

knowingly, willfully, and intentionally failed to pay Plaintiff and other members of the general public employed by them overtime pay.

59. Plaintiff and other members of the general public employed by DEFENDANTS can and will comply with the requirements and standards to the extent required by law to prosecute this violation as a representative action under the Unfair Trade Practice Act.

60. Plaintiff and other members of the general public employed by DEFENDANTS have been illegally deprived of their overtime pay and herein seek restitution of those wages pursuant to Business and Professions Code § 17203.

## ATTORNEY FEES AND COSTS

61. Enforcement of statutory provisions enacted to protect workers and to ensure proper and prompt payment of wages due to employees is a fundamental public interest in California.  Consequently, Plaintiff's success in this action will result in the enforcement of important rights affecting the public interest and will confer a significant benefit upon the general public.  Private enforcement of the rights enumerated herein is necessary as no public agency has pursued enforcement.  Plaintiff is incurring a financial burden in pursuing this action and it would be against the interest of justice to require the payment of any attorney's fees and costs from any recovery that might be obtained herein.  As prayed for below, Plaintiff and his counsel are entitled to and seek an award of attorneys' fees and costs pursuant law including but not limited to Labor Code §§ 1194, 1194.2 and other applicable laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for relief as follows:

1. For compensatory damages for all wages earned but not paid, all overtime wages earned and not paid, and wrongful termination and retaliatory discharge in the amount to be proven at trial;

2. For liquidated damages per the FLSA equal to unpaid overtime wages;

3. For pre-judgment interest of 10% on the unpaid overtime compensation under California Labor Code §§ 1194(a);

**COMPLAINT**                                                              11

4. For an additional hour wage for each day Plaintiff was not provided a rest break;

5. For an additional hour wage for each day Plaintiff was not provided a meal break;

6. For "waiting time" penalties under California Labor Code § 203;

7. For reasonable attorney's fees pursuant to California Labor Code § 1194(a) and 29 U.S.C. § 216(b) of the FLSA;

8. For earned but unpaid wages as equitable relief under the Unfair Competition Act over a 4-year statute of limitations;

9. For costs of suit herein;

10. For such other and further relief as the Court may deem appropriate.

Dated: October 29, 2013                                    Respectfully submitted,

                                                      /s/ Phung Truong_____
                                                      TOMAS MARGAIN
                                                      PHUNG TRUONG
                                                      Attorneys for Plaintiff
                                                      LEOBARDO ALMAGUER